No. 06-637 T
(Judge Horn)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ROBERT AND VIENNA LESHIN,

Plaintiffs

v.

THE UNITED STATES,

Defendant

# MOTION OF THE UNITED STATES TO DISMISS THE COMPLAINT

EILEEN J. O'CONNOR
Assistant Attorney General

DAVID GUSTAFSON
MARY M. ABATE
JOSEPH B. SYVERSON
Attorneys
Justice Department (Tax)
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6508
(202) 514-9440 (facsimile)

## TABLE OF CONTENTS


**Page**

Motion of the United States to dismiss the complaint. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Argument:

This Court Lacks Subject-Matter Jurisdiction over the Complaint. . . . . . . . . . . . . . 6

A. This Court Lacks Jurisdiction over Plaintiffs' Wrongful Levy claims.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

1. This Court's Tucker Act jurisdiction over wrongful levy claims does not extend to levies imposed to satisfy plaintiffs' own tax liabilities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

2. No other statutory provision provides this court with subject-matter jurisdiction over plaintiffs' wrongful levy claims.. . . . . . . . . . 9

B. This Court Lacks Subject-Matter Jurisdiction over the Constitutional Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14


## TABLE OF AUTHORITIES

**Cases:**


*Castillo Morales v. United States*, 19 Cl. Ct. 342 (1990). . . . . . . . . . . . . . . . . . . . 13

*Document Management Group, Inc. v. United States*, 11 Ct. Cl. 463 (1987). . . . . 8

*Flora v. United States*, 362 U.S. 145 (1960). . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Fry v. United States*, 72 Fed. Cl. 500 (2006). . . . . . . . . . . . . . . . . . . . . . . . . . 12,13

*Gordon v. United States*, 649 F.2d 837 (Ct. Cl. 1981). . . . . . . . . . . . . . . . . . . . . 6-9

**Page**

**Cases (Continued):**

*Inter-Costal Xpress, Inc. v. United States*, 49 Fed. Cl. 531 (2001). . . . . . . . . . . . 13

*Kirkendall v. United States*, 31 F. Supp. 766 (Ct. Cl. 1940). . . . . . . . . . . . . . . . 6-8

*Ledford v. United States*, 297 F.3d 1378 (Fed. Cir. 2002). . . . . . . . . . . . . . . . . . . 11

*Murray v. United States*, 817 F.2d 1580 (Fed. Cir. 1987). . . . . . . . . . . . . . . . . . . 13

*Overseas Thread Industries, Ltd. v. United States*, 48 Fed. Cl. 221 (2000). . . . . . 10

*Saladino v. United States*, 62 Fed. Cl. 782 (Fed. Cl. 2004). . . . . . . . . . . . . . . . . . . 9

*Shore v. United States*, 9 F.3d 1524 (Fed. Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . 10

*Standifird v. United States*, 32 Fed. Cl. 731 (1995). . . . . . . . . . . . . . . . . . . . . . . . 11

*Tchakarski v. United States*, 69 Fed. Cl. 218 (2005). . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Mitchell*, 463 U.S. 206 (1983). . . . . . . . . . . . . . . . . . . . . . . . . . 13

**Statutes:**

Federal Tax Lien Act of 1966, Pub. L. No. 89-719, 80 Stat. 1125 (1966). . . . . . . . 7

Internal Revenue Code of 1986 (26 U.S.C.):

§ 6212. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
§ 6320. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
§ 6330. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,11,12
§ 6512. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
§ 6532. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9,10
§ 7422. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
§ 7426. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7,9
§ 7433. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,10,11

**Page**

**Statutes (Continued):**

28 U.S.C.:

§ 1491. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,13
§ 2501. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Pension Protection Act of 2006, Pub. L. No. 109-280, 120 Stat. 780 (2006). . . . 12

**Miscellaneous:**

Rules of the Court of Federal Claims:

Rule 9.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
Rule 12.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Treasury Regulation (26 C.F.R.):

§ 301.6330. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-637 T
(Judge Horn)

---

ROBERT AND VIENNA LESHIN,

Plaintiffs,

v.

THE UNITED STATES,

Defendant

---

**MOTION OF THE UNITED STATES**
**TO DISMISS THE COMPLAINT**

---

The United States respectfully moves this Court pursuant to RCFC 12(b)(1) for an order dismissing the complaint because this Court lacks jurisdiction over the subject matter. The Court lacks subject-matter jurisdiction because (1) plaintiffs seek to challenge their own tax liabilities by means of a wrongful levy action, even though such an action is only available to third party nontaxpayers; (2) this Court lacks jurisdiction over actions under 26 U.S.C. § 7433 and lacks jurisdiction over appeals from Internal Revenue Service collection due process determinations; (3) collection to satisfy a tax liability is not a Fifth Amendment taking; and (4) a Due Process claim does not require the payment of money damages, and hence is beyond this Court's jurisdiction. In support of its motion, the United States relies on the following memorandum and the exhibits attached to the Declaration of Joseph B. Syverson filed simultaneously herewith.

**STATEMENT**[1]

Plaintiffs filed a joint federal income tax return for tax year 1999 dated August 3, 2005. (Syverson Dec. Ex. 1 at 2.)[2] Their 1999 return reported a total tax due of $19,615.00. (*Id.*) Plaintiffs reported zero tax paid through withholding or otherwise, and included payment of $1.00 with their return, which was credited to their account. (Ex. 1 at 2; Ex. 3 at 2.) On October 24, 2005, they were assessed $19,615.00 in tax for the 1999 tax year (the amount reported on their 1999 income tax return), $4,413.37 as a late filing penalty, $4,903.75 as a failure-to-pay-tax penalty, and $9,757.96 in interest. (Ex. 3 at 2.)

On May 24, 2004, the IRS generated a substitute income tax return for the 2001 tax year on behalf of plaintiffs, since at that time plaintiffs had not filed a return for that year. (Ex. 5 at 2.) On February 7, 2005, plaintiffs were assessed $32,615.00 in tax for the 2001 tax year, $7,315.20 as a late filing penalty, $5,527.04 as a failure-to-pay-tax penalty, $844.00 as an estimated tax penalty, and $6,004.01 in interest. (*Id.*) After these assessments were made on the basis of the substitute return, plaintiffs filed a joint federal income tax return for tax year 2001, dated July 25, 2005. (Ex. 2 at 2.) Their 2001 return reported a total tax due of $21,321.00. (*Id.*) Plaintiffs reported zero tax paid through withholding or otherwise, and included payment of $1.00 with their return, which was credited to their account. (Ex. 2 at 2; Ex. 5 at 3.) The IRS abated $11,191.00 of the tax previously assessed, reducing the amount of tax assessed to equal

---

[1]The complaint, which is styled “Complaint for Wrongful Levy by IRS,” does not identify the tax year or years involved in this suit. The Internal Revenue Service’s administrative files indicate that amounts received by means of levies were applied to plaintiffs’ outstanding unpaid liabilities for their tax years 1999 and 2001. Accordingly, based on the assumption that those tax years are at issue in this suit, the Statement deals primarily with those years.

[2]Hereinafter, exhibits attached to the Syverson Declaration will be cited as “Ex. __.”

the amount plaintiffs reported on their return. (Ex. 5 at 3.) Portions of the prior penalty and interest assessments were also abated accordingly. (*Id.*)

In addition to their unpaid liabilities for 1999 and 2001, plaintiffs currently have outstanding unpaid assessed income tax liabilities for tax years 2000, 2002, 2003, and 2004. (Ex. 4 at 2; Ex. 6 at 2; Ex. 7 at 2; Ex. 8 at 2.)

On June 18, 2005, the IRS issued plaintiffs a Final Notice—Notice of Intent to Levy and Notice of your Right to a Hearing for tax year 2001. (Ex. 5 at 2.) On December 16, 2005, the IRS issued plaintiffs a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 for 2001. (Ex. 9 at 1-2.) The notice of the lien filing advised that the lien had been filed on December 14, 2005; advised that the lien "attaches to all property you currently own and to all property you may acquire in the future"; and explained plaintiffs' appeal rights. (*Id.*)

On December 13, 2005, the IRS issued plaintiffs a Final Notice—Notice of Intent to Levy and Notice of Your Right to a Hearing for tax years 2000, 2002, and 2003. (Ex. 4 at 3; Ex. 6 at 3; Ex. 7 at 3.)

On January 17, 2006, the IRS received plaintiffs' request for a collection due process hearing relating to the lien and the proposed levy for their 2001 tax liabilities (Ex. 10), and their request for a collection due process hearing related to the proposed levies for tax years 2000, 2002, and 2003. (Ex. 4 at 3; Ex. 6 at 3; Ex. 7 at 3.) By letter of March 8, 2006, the IRS Appeals Office in Glendale, California, notified plaintiffs that their case had been referred to that office; explained that "Appeals is separate from - and independent of - the division of the Internal Revenue Service proposing the action you disagree with"; and explained the appeal procedure. (Ex. 11.)

On April 3, 2006, the IRS issued plaintiffs a Final Notice—Notice of Intent to Levy and Notice of Your Right to a Hearing for tax years 1999 and 2004. (Ex. 3 at 2; Ex. 8 at 3.) Two days later, on April 6, 2006, plaintiffs submitted an Offer in Compromise ("OIC") to the IRS proposing to compromise their outstanding liabilities for all tax years through 2005.[3] (Ex. 12 at 1.) Plaintiffs' OIC was treated as a proposed collection alternative during their collection due process proceedings. (Ex. 15 at 5-6.)

By letter of April 18, 2006, the Appeals Officer advised plaintiffs that their request for a collection due process ("CDP") hearing had been received, and scheduled a tentative date and time for the hearing. (Ex. 13.) The letter stated, *inter alia* (*id.* at 1):

> Your CDP hearing request regarding the filing of a Notice of Federal Tax Lien on the following tax periods was timely: Form 1040, for tax periods December 31, 2001. During your hearing and until any appeals become final, the legal collection period [*i.e.*, the statute of limitations on collection] is suspended on these tax and periods. However, levy action may continue if the Collection division determines it is appropriate, and this hearing relates only to the filing of a notice of tax lien.
>
> Your levy hearing request was not filed timely, as it was not received or postmarked within 30 days of the Final Notice - Notice of Intent to Levy, and Notice of Your Right to a Hearing on Form 1040, for tax periods December 31, 2000, December 31, 2002 and December 31, 2003.[[4]] We will offer you a hearing that is equal to a CDP hearing, which we call an equivalent hearing. However, the legal collection period is not suspended nor is levy action prohibited for these tax and periods.

After the hearing, in her Case Memorandum discussing her conclusions regarding the collection action and the OIC, the Appeals Officer noted that the taxpayers did not dispute the

---

[3]The OIC states that the offer covers the period "1991-2005." The reference to 199*1* may have been a typographical error. The Appeals Officer's Case Memorandum treated the offer as covering the outstanding liabilities for 199*9* through 2004. (*See* Ex. 14 at 5-6.)

[4]For the same reason, the request for a hearing with respect to the proposed levy for 2001 was untimely.

underlying liabilities, and that the OIC had been submitted on the basis of "Doubt as to Collectibility" (*i.e.*, inability to pay). (Ex. 14 at 5.) On August 16, 2006, the IRS issued plaintiffs "decision letters"[5] for the 2000, 2002, and 2003 tax years, sustaining the proposed levies for these years (Ex. 16 at 1), and a notice of determination for the 2001 tax year, sustaining the lien for that year. (Ex. 15 at 1-2.) Copies of the Appeals Officer's Case Memorandum were attached to these letters, notifying plaintiffs of the rejection of their OIC. (Ex 15. at 3-7; Ex. 16 at 2-6.) The Appeals Office sustained the proposed collection actions and rejected the OIC because it found that plaintiffs "have sufficient assets . . . to fully pay their account and there are no Special Circumstances to consider." (Ex. 14 at 6; *see id.* at 7.)

Following the issuance of the notice of determination for the 2001 tax year, and two days before filing this suit, on September 6, 2006, plaintiffs filed a petition in the United States Tax Court appealing the determination. (Ex. 17 at 1; Ex. 19.) The Commissioner of Internal Revenue filed an Answer to the Tax Court petition on October 30, 2006. (Ex. 18 at 1; Ex. 19.)

The IRS's transcripts of plaintiffs' accounts for the years 1999 through 2004 reflect that the IRS has applied amounts obtained by levy to plaintiffs' outstanding liabilities on only two occasions: the amount of $3,310.49 was credited on January 17, 2006, to plaintiffs' tax liability for tax year 2001 (Ex. 5 at 4); and the amount of $5,410.61 was credited on September 27, 2006, to plaintiffs' liabilities for tax year 1999. (Ex. 3 at 3.)

---

[5]A decision letter is issued when, as here, the IRS determines that a taxpayer has made an untimely request for a collection due process hearing for a tax year, but holds an equivalent hearing. *See* Treas. Reg. § 301.6330-1(i) (explaining equivalent hearings). A notice of determination, by contrast, is issued following a collection due process hearing pursuant to 26 U.S.C. § 6330, and constitutes a "determination" within the meaning of § 6330(d), giving rise to appeal rights. *See* Treas. Reg. § 301.6330-1(f)(1).

In their complaint, styled "Complaint for Wrongful Levy by IRS," plaintiffs allege that "[t]he IRS has wrongfully levied [them]," and they ask for "a return of their money with interest." (Compl. ¶ 1.) Plaintiffs further allege that the levies were made when they had a pending offer in compromise, which should have provided plaintiffs with "a protected collection status," and similarly, that they were in a "Collection Due Process Status, which . . . allows for a protected collection status from enforced activities such as a levy." (*Id.* ¶ 14.) Finally, they allege that the levies violated the Due Process and Takings Clauses of the Fifth Amendment. (*Id.* ¶ 15.)

## ARGUMENT

## THIS COURT LACKS SUBJECT-MATTER JURISDICTION OVER THE COMPLAINT

### A. This Court Lacks Jurisdiction over Plaintiffs' Wrongful Levy Claims

Plaintiffs maintain that this is an action "for wrongful levy by the IRS." Compl. ¶ 1. Although this Court and its predecessor, the Court of Claims, have held that they have jurisdiction over wrongful levy claims generally under the Tucker Act, 28 U.S.C. 1491(a)(1), the Court does not have jurisdiction over the claims in this case because plaintiffs allege that they were levied upon to satisfy their own tax liabilities, not the tax liabilities of others.

#### 1. This Court's Tucker Act jurisdiction over wrongful levy claims does not extend to levies imposed to satisfy plaintiffs' own tax liabilities

In *Gordon v. United States*, 649 F.2d 837 (Ct. Cl. 1981), the Court of Claims held that it had subject matter jurisdiction over wrongful levy claims under the Tucker Act, 28 U.S.C. § 1491, reaffirming its previous holdings that it had such jurisdiction under an implied in fact contract theory. *See id.* at 838 (citing *Kirkendall v. United States*, 31 F. Supp. 766, 769-70 (Ct.

Cl. 1940)). The issue in *Gordon* was whether the enactment of 26 U.S.C. § 7426 in the Federal Tax Lien Act of 1966, Pub. L. No. 89-719, 80 Stat. 1125 (1966), deprived the Court of Claims of this jurisdiction. *See Gordon* at 838. Section 7426(a)(1) provides in relevant part as follows:

> *Wrongful Levy*. — If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States.

The *Gordon* court rejected the United States' argument that, by enacting the Federal Tax Lien Act, Congress intended to deprive the Court of Claims of wrongful levy jurisdiction by expressly granting such jurisdiction only to the district courts in § 7426(a)(1). *See Gordon* at 839-43. *Gordon* reached this conclusion in principal reliance on an American Bar Association report contained in the legislative history of the Federal Tax Lien Act that made specific mention of the Court of Claims's Tucker Act jurisdiction over wrongful levy claims. *See id.* at 840-41. Relying on this report, *Gordon* reasoned that, because Congress was aware of the Court of Claims's wrongful levy jurisdiction yet did not unambiguously remove it, Congress intended to preserve the Court of Claims's wrongful levy jurisdiction. *See id.* at 842-43.

This Court's wrongful levy jurisdiction under the Tucker Act, however, extends only to claims brought by third-parties to recover funds levied from them to satisfy the tax liabilities of others. This was made clear in *Kirkendall*, where the Court of Claims first held that it had jurisdiction to hear wrongful levy claims. There, the Court rejected the United States's argument that the plaintiff should have availed herself of the procedures for bringing a refund claim, reasoning as follows:

> The defendant contends that this money, having been applied to taxes due by

> Hartzell under the Revenue Law and no timely refund claim having been made by the plaintiff, or her husband, cannot now be recovered. It is only necessary to say that a refund claim is an appropriate action under the revenue statutes to recover money paid as taxes when made by the party who paid the tax. There is no claim that either Kirkendall or the plaintiff paid, or had assessed against them, any taxes, and certainly a refund claim would not have been an appropriate action for them to take.

*Kirkendall* at 769. Thus, the *Kirkendall* court limited its holding that the Tucker Act provides a basis for jurisdiction to hear wrongful levy claims to cases where the plaintiff was not "the party who paid the tax." *Id.* Subsequent opinions confirm this limitation on wrongful levy jurisdiction under the Tucker Act. *See, e.g., Tchakarski v. United States*, 69 Fed. Cl. 218, 222 (2005) (citing *Gordon* for the proposition that "the United States Court of Federal Claims has jurisdiction to hear third party levy contests"); *Document Management Group, Inc. v. United States*, 11 Cl. Ct. 463, 467 (1987) (citing *Kirkendall* for the proposition that "[i]mplied-in-fact contract jurisdiction provides relief where a third party is levied"); *Gordon* at 839 (Tucker Act grants "jurisdiction to hear third-party levy actions").

This limitation on Tucker Act jurisdiction in wrongful levy actions deprives this Court of subject-matter jurisdiction over plaintiffs' wrongful levy claims. The levied funds that plaintiffs seek to recover in this action were levied to satisfy plaintiffs' own tax liabilities for the 1994 and 1997 tax years. Thus, under *Kirkendall* and *Gordon*, this Court lacks jurisdiction over plaintiffs' wrongful levy claims, because they are not based on levies made to satisfy the tax liabilities of a third party.[6]

---

[6]Plaintiffs seem to allege (¶¶ 14, 17) that accounts held by their parents and children have been levied to satisfy plaintiffs' tax liabilities. It does not appear that such levies have taken place, as the amounts plaintiffs allege were levied from the accounts of persons other than the plaintiffs are not reflected in the certified Account Transcripts and Certificates of Assessments and Payments for the tax years for which plaintiffs have outstanding unpaid tax liabilities.

**2. No other statutory provision provides this Court with subject-matter jurisdiction over plaintiffs' wrongful levy claims**

Plaintiffs contend that, in addition to Tucker Act jurisdiction under *Gordon*, 26 U.S.C. § 7426 provides this Court with subject-matter jurisdiction over plaintiffs' wrongful levy claims. *See* Compl. ¶ 3. This contention is mistaken. Although § 7426(a)(1) does permit a person to bring a wrongful levy claim, provided that the person is someone "other than the person against whom is assessed the tax out of which [the] levy arose," it only expressly permits such an action to be brought "in a district court of the United States," not in the Court of Federal Claims. Thus, § 7426 does not provide an alternate basis for jurisdiction in this Court over plaintiffs' wrongful levy claims.[7]

Furthermore, no other statutory provision provides this Court with jurisdiction over plaintiffs' wrongful levy claims. To the extent that plaintiffs seek return of the money levied to satisfy their outstanding tax liabilities, their complaint is really a complaint for a tax refund, not a

---

*Compare* Compl. ¶ 17 *with* Exs. 3-8. Furthermore, even if such levies had taken place, plaintiffs have made no showing that they have standing to litigate claims of their parents or their children. *See Saladino v. United States*, 62 Fed. Cl. 782, 793 (Fed. Cl. 2004) (observing that plaintiff's complaint was subject to dismissal where plaintiff sought to litigate tax refund suit on behalf of third-parties because plaintiff's complaint neither "ma[de] nor attempt[ed] a showing that any of the requirements of third-party standing are present").

[7] *Gordon* is not to the contrary. In *Gordon*, the Court of Claims did hold that Congress, in enacting the Federal Tax Lien Act of 1966, intended to apply 26 U.S.C. § 6532(c), the statute of limitations applicable to wrongful levy actions brought under § 7426(a)(1), to wrongful levy actions brought in the Court of Claims under the Tucker Act, rather than the 6-year statute of limitations in 28 U.S.C. § 2501 ordinarily applicable to actions brought under the Tucker Act. *See Gordon* at 843-44. The *Gordon* court, however, did not hold that the Federal Tax Lien Act of 1966 supplanted the Tucker Act as the jurisdictional basis for wrongful levy actions in the Court of Claims. *See id.* at 842, 843 (noting that § 7426 provides for equitable remedies not available in this Court, and holding that "Congress did not intend [§] 7426 to withdraw Tucker Act jurisdiction of third-party levy contests from this Court").

complaint for wrongful levy.

Plaintiffs, however, must follow the statutory procedures for seeking a refund of tax, if that is what they seek. They must fully pay the disputed tax and file a timely claim for refund with the IRS, before filing suit for refund in this Court. *See* 26 U.S.C. §§ 7422(a), 6532(a); *Flora v. United States*, 362 U.S. 145, 150 (1960); *Shore v. United States*, 9 F.3d 1524, 1526 (Fed. Cir. 1993); *see also* RCFC 9(h)(6). Plaintiffs, however, have neither pleaded any of the required jurisdictional facts for prosecuting a tax refund suit nor fully paid the assessed tax for 1999 and 2001 (the tax years to which the levied funds were applied). *See* Ex. 3 at 4; Ex. 5 at 6.

Plaintiffs' failure to follow the procedures required for bringing a refund suit also undermines their allegation (¶¶ 5, 6) that this Court has subject-matter jurisdiction over their claims by virtue of its jurisdiction over claims for statutory interest on tax refunds. This Court's jurisdiction over a claim for statutory interest on an overpayment of taxes is dependent upon a determination that plaintiffs have in fact overpaid their taxes and are entitled to a refund. *Cf. Overseas Thread Indus., Ltd. v. United States*, 48 Fed. Cl. 221, 225 (2000) ("A refund claim implicitly carries with it a claim for statutory interest, and thus no separate claim is required to claim interest.") As this Court lacks jurisdiction over plaintiffs' suit for refund, it cannot make such a determination, and hence lacks jurisdiction over plaintiffs' claims for statutory interest.

Although not expressly invoked in their complaint, plaintiffs may intend to assert a cause of action under 26 U.S.C. § 7433, insofar as they allege that levies upon their property were made while they had a pending offer in compromise. *See* Complt. ¶ 14. If this is so, plaintiffs allege a cause of action under § 7433(a), and hence allege a cause of action over which subject-matter jurisdiction lies with the United States district courts, not this Court. Section 7433(a) provides in

relevant part that:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

Since § 7433(a) expressly permits suit only "in a district court of the United States," this Court does not have jurisdiction to hear § 7433 claims. *See Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002) (holding that because Court of Federal Claims is not a district court, it lacks subject matter jurisdiction over claims founded upon § 7433(a)); *Standifird v. United States*, 32 Fed. Cl. 731, 734 (1995).[8]

Finally, although not expressly invoked in the complaint, plaintiffs may be alleging that this Court has jurisdiction to consider their claims that the levies were wrongfully imposed, as an appeal from a final determination in a collection due process hearing conducted pursuant to 26 U.S.C. § 6330. *See* Complt. ¶ 14 (alleging that plaintiffs were "in a Collection Due Process Status, which . . . allows for a protected collection status from enforced activities such as a levy"). To the extent plaintiffs are making such an allegation, they are mistaken, because this Court does not, as a general matter, have jurisdiction over appeals from collection due process proceedings. The version of § 6330(d)(1) that applies to the final collection due process determination plaintiffs received for the 2002 tax year provides, in pertinent part:

> *Judicial Review of Determination.* — The person may, within 30 days of a

---

[8]Even if this Court did have jurisdiction, plaintiffs' claim to this effect would fail, as their offer in compromise was not pending at the times of the levies. The levy applied to their 2001 tax liabilities took place prior to the plaintiffs' filing of the OIC, *see* Ex. 5 at 4; Ex. 11 at 1, and the levy applied to their 1999 tax liabilities took place after the OIC had been rejected. *See* Ex. 3 at 3; Ex 15. at 3-7; Ex. 16 at 2-6.

determination under this section, appeal such determination—

(A) to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter); or

(B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.[9]

This provision places jurisdiction over collection due process appeals exclusively in the district courts and the United States Tax Courts, and thus does not give this Court jurisdiction over collection due process appeals. *See Fry v. United States*, 72 Fed. Cl. 500, 504-05 (2006). Indeed, in apparent recognition of this Court's lack of jurisdiction over such appeals, plaintiffs have, prior to the filing of this action, filed a petition in the United States Tax Court challenging the determination sustaining the federal tax lien filed against plaintiffs to satisfy their outstanding tax liabilities for tax year 2001. *See* Ex. 17 at 1; Ex. 19.[10]

**B. This Court Lacks Subject-Matter Jurisdiction over the Constitutional Claims**

In addition to a count for wrongful levy, the complaint alleges that the levies violated plaintiffs' rights under both the Due Process Clause and Just Compensation Clauses of the Fifth Amendment (and the Fourteenth Amendment's Due Process Clause). This Court does not have subject matter jurisdiction over plaintiffs' claims under any of these Clauses.

Although the Tucker Act gives this Court jurisdiction over claims against the United

[9]Congress has since amended § 6330(d)(1) to vest jurisdiction over collection due process appeals exclusively with the Tax Court. Pub. L. 109-280, 120 Stat. 780, § 855(a) (Aug. 17, 2006).

[10]Under 26 U.S.C. § 6512(a) the filing of a petition in the Tax Court ordinarily divests this Court of any jurisdiction it might otherwise have had over the taxpayer's claims for the same tax year. It appears that this provision does not apply here, however, since plaintiffs' Tax Court petition was not filed pursuant to a notice of deficiency issued to taxpayers for the 2001 tax year. *See id.* (Secretary must have "mailed to the taxpayer a notice of deficiency under section 6212(a)" in order for statute to apply).

States that are "founded upon . . . the Constitution," 28 U.S.C. § 1491(a)(1), its jurisdiction over constitutional claims is restricted to those that "require the payment of money damages . . . ." *Murray v. United States*, 817 F.2d 1580, 1582-83 (Fed. Cir. 1987) (citing *United States v. Mitchell*, 463 U.S. 206, 218 (1983)). Consequently, the Court of Federal Claims lacks subject-matter jurisdiction over Due Process claims because they do not require the payment of money. *Fry* at 507; *Inter-Costal Xpress, Inc. v. United States*, 49 Fed. Cl. 531, 542 (2001).

Finally, this Court does not have subject-matter jurisdiction over plaintiffs' Fifth Amendment takings claims. Although this Court generally has jurisdiction over takings claims because they require the payment of money, collection of a tax liability by means of a levy is not a Fifth Amendment taking. *Fry* at 508-09; *Castillo Morales v. United States*, 19 Cl. Ct. 342, 345 (1990) ("where . . . a taxpayer disputes an IRS levy on its property, the appropriate course of action is a direct challenge of the levy, not the prosecution of a fifth amendment claim").

**CONCLUSION**

For the reasons stated, the complaint should be dismissed for lack of subject-matter jurisdiction.

Respectfully submitted,

January 5, 2007

s/ Joseph B. Syverson

JOSEPH B. SYVERSON
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6495

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
MARY M. ABATE
Assistant Chief

January 5, 2007

s/ Mary M. Abate
Of Counsel