| | |
|---|---|
| **Internal Revenue Service**<br>Appeals Office<br>330 North Brand Blvd.<br>Suite 600<br>GLENDALE, CA 91203 | **Department of the Treasury**<br>**Person to Contact:**<br>  Laura Lisanti<br>  Employee ID Number: 95-02179<br>  Tel:  818.242.7703 Ext. 3029<br>  Fax: 818.242.8337 |
| Date:<br><br>ROBERT & VIENNA R LESHIN<br>9644 E AVENUE S-12<br>LITTLEROCK CA 93543 | **Refer Reply to:**<br>  AP:FW:GLE:LL<br>**In Re:**<br>  Collection Due Process - Levy<br>**Social Security or Employer Identification Number:**<br>  ▓▓▓▓▓ / ▓▓▓▓▓<br>**Tax Period(s) Ended:**<br>  12/2000 12/2002 12/2003 |

## DECISION LETTER
## CONCERNING EQUIVALENT HEARING UNDER SECTION 6320 and/or 6330 of the Internal Revenue Code

Dear Mr. & Mrs. Leshin:

We have reviewed the proposed collection action for the period(s) shown above. This letter is our decision on your case. A summary of our decision is stated below and the enclosed statement shows, in detail, the matters we considered at your Appeals hearing and our conclusions.

Your due process hearing request was not filed within the time prescribed under Section 6320 and/or 6330. However, you received a hearing equivalent to a due process hearing except that there is no right to dispute a decision by the Appeals Office in court under IRC Sections 6320 and/or 6330.

Your case will be returned to the originating IRS office for action consistent with the decision summarized below and described on the attached page(s).

If you have any questions, please contact Laura Lisanti at the telephone number shown above.

**Summary of Decision**
The proposed levy action is sustained by Appeals. Please see the attached for details of the Appeals' decision.

Sincerely,

*[signature]*

Paula Mills
Appeals Team Manager

cc: Jeffrey D Moffatt

**EXHIBIT 16**

Ex. 16 pg. 1

| Type of Tax(es) | Tax Period(s) | Date of CDP Notice | Date CDP Request Received or Mailed if received date is after the 30-day period. |
|---|---|---|---|
| Income | 2001/12 2000/12 2002/12 2003/12 | 12/16/2005(Lien) 12/13/2005(Levy) | 01/17/2006(Lien) 01/13/2006(Levy)EH |

The taxpayers requested a hearing under IRC §§ 6320 & 6330 to determine whether the lien and levy actions taken and proposed by Compliance are appropriate.

## RECOMMENDATION

The filing of the Notice of Federal Tax Lien (NFTL) was appropriate and is sustained by Appeals.

The proposed levy action is appropriate and is sustained by Appeals.

## BRIEF BACKGROUND

This case came to Appeals from a Field Compliance (Collection) group located in Van Nuys, California.

The taxpayers, Robert & Vienna Leshin owe delinquent Income taxes for CDP/EH periods ending 12/31/2000, 12/31/2001, 12/31/2002 and 12/31/2003 in the amount of $178,232 as of 07/31/2006[1].

The assigned Revenue Officer (RO) issued Letter 1058, *Notice of Intent to Levy and Your Right to a Collection Due Process Hearing* and requested a Notice of Federal Tax Lien (NFTL) when the taxpayers failed to contact him after a field call.

The taxpayer's Power of Attorney (PofA), Jeffrey D. Moffat, Attorney-at-Law, subsequently advised the RO that a timely CDP had been filed. He also submitted Form 433A, *Collection*

---

[1] Additional amounts are owed for non-CDP/EH periods ending 12/31/1999 and 12/31/2004.

CDPLN&EHLV
TP: Robert & Vienna R. Leshin
SSN: ▮▮▮▮▮▮ / ▮▮▮▮▮▮
Ex. 16 pg. 2
Settlement Officer: Laura Lisanti
Date: July 25, 2006

*Information Statement for Wage-Earners and Self-Employed Individuals* to the RO, and the case was sent to Appeals for a hearing.

## DISCUSSION AND ANALYSIS

1. **Verification of legal and procedural requirements.**

Assessment was made on the applicable Collection Due Process (CDP) notice periods as required by IRC § 6201.

Notice and demand for payment was mailed to the taxpayer's Last Known Address (LKA), within sixty (60) days of the assessment, as required by IRC § 6303.

NFTL Filing Procedures

Per IRM 5.12.2.3(1), the Service made reasonable attempts to contact the taxpayer prior to filing the NFTL.

Per IRM 5.12.2.5 the RO that requested the NFTL was graded GS-9 or higher.

Letter 3172, *Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC § 6320*, was issued via certified mail to the taxpayer's LKA no later than five (5) business days after the NFTL was mailed for recordation as per IRC 6320(a).

Form 12153, *Request for a CDP Hearing* (Form 12153) was timely received by the Service resulting in a timely request for a hearing under IRC § 6320, for period ending 12/31/2001.

Statutes have been correctly suspended for the CDP period.

Pre-Levy Procedures

There was a balance due when the CDP notice was issued as required by IRC § 6322 and IRC § 6331(a).

Letter 1058, *Notice of Intent to Levy and Your Right to a CDP Hearing,* was sent via Certified Mail return receipt requested, to the taxpayer's LKA, as required by IRC § 6330(a) and 6331(d) 12/13/2005.

[2]

---

CDPLN&EHLV
TP: Robert & Vienna R. Leshin
SSN:              /                       Ex. 16 pg. 3           Settlement Officer: Laura Lisanti
                                                                 Date:            July 25, 2006

Form 12153 was untimely received by the Service on 01/17/2006. The envelope in which Form 12153 was mailed was postmarked 01/13/2006, also untimely. The taxpayers were granted an Equivalent Hearing (EH) for periods ending 12/31/2000, 12/31/2002 and 12/31/2003.

Statutes were incorrectly suspended for the EH periods, and Appeals requested Compliance correct this error.

As the Settlement Officer assigned to this case, I have had no involvement with these taxpayers or these tax periods prior to this hearing, nor do I have any knowledge of a pending Bankruptcy proceeding at the time the CDP notice was filed (11 USC 362(a)(6)).

2. <u>**Issues raised by the taxpayer**</u>.

On an attachment to Form 12153 submitted by the PofA on behalf of the taxpayers, the PofA states the following in a paragraph labeled "FINDINGS TO WHICH THE TAXPAYER TAKES EXCEPTION":

- "The appropriateness of the collection actions. The logic behind this is that my client filed returns to get into compliance. Once these returns were completed, he advises that there may be an error since the amount of the filed returns net income doesn't seem to represent what he has saved. As such the recently filed returns may actually be a gross overstatement of amount due which needs to be modified at a later time.

- The possibility of alternative to enforced collection actions exists. Given that my client has [a] just filed these returns and been aware of the high tax due, he is not presently able to pay the amount in full. As such an OIC [offer-in-compromise] with payments may be a viable option for this client."

<u>ISSUE #1 – DISPUTE OF THE UNDERLYING LIABILITY</u>

The taxpayers did not dispute the underlying liability with Appeals at the §§6320 6330 hearing. Neither the correctness of the returns, nor the fact that amended returns may be appropriate for some or all of the balance due CDP/EH periods was ever discussed.

<u>ISSUE #2 – PROPOSED COLLECTION ALTERNATIVE – OFFER-IN-COMPROMISE (OIC)</u>

The taxpayers submitted a Doubt as to Collectibility OIC to the Centralized OIC Unit, which was subsequently forwarded to Appeals.

[3]

---

CDPLN&EHLV
TP: Robert & Vienna R. Leshin
SSN: ▮▮▮▮▮▮▮ / ▮▮▮▮▮▮▮
Ex. 16 pg. 4
Settlement Officer: Laura Lisanti
Date: July 25, 2006

The taxpayers' offered $70,000 to compromise delinquent Income taxes for periods 1999 – 2005[2].

Appeals reviewed the taxpayers' offer under both the DATC and Effective Tax Administration (ETA) provisions of §7122. The results of Appeals' analysis are contained on the OIC worksheet which is attached to this memorandum. Although the taxpayers' did not submit all information requested by Appeals, they submitted sufficient information for Appeals to determine that neither a DATC OIC nor an ETA OIC is a viable solution for this case. The taxpayers have the ability to fully pay the account in a number of ways, and doing so would not cause a Hardship as defined by §6343.

The taxpayers' PofA alternatively argued that given the outsourcing of collection accounts and the fees the Service will pay to the private collectors, the Service should accept any OIC that represents an offer of "at least .50 on the dollar." This may seem a cost-effective argument for acceptance, but Appeals found no guidance to suggest that offers should be considered or accepted on this basis.

- - -

No other issues were raised by the taxpayer or the PofA during the time the case was in Appeals.

3.   **Balancing the need for efficient collection with taxpayer concern that the collection action be no more intrusive than necessary.**

The taxpayers owe $225,115 in delinquent Income taxes for tax periods 1999 through 2004.

The taxpayers' have sufficient assets (equity in their real property, and / or dissipated stock assets, and / or existing bank accounts and ongoing income) to fully pay their account and there are no Special Circumstances to consider.

Appeals offered the taxpayers a Short-Term-Agreement to Pay (a 90-day agreement), but they did not respond.

Appeals therefore finds that the filing of the NFTL and the proposed levy action balances the need for efficient collection of tax with taxpayer concern that collection action be no more intrusive than necessary.

---

[2] Tax year 2005 was not yet assessed.

[4]

CDPLN&EHLV
TP: Robert & Vienna R. Leshin
SSN: ▮▮▮▮▮▮ / ▮▮▮▮▮▮
Ex. 16 pg. 5
Settlement Officer: Laura Lisanti
Date: July 25, 2006

**Attachment**
TP: Roberta Vivona R. LESHIN
Computation of Future Income
Available to Satisfy Federal Income Tax Liability

|  | Taxpayer | Compliance | Appeals |  |
|---|---|---|---|---|
| **Gross Monthly Income** |  |  |  |  |
| Wages (Taxpayer) | $ - | $ - | $ - |  |
| Wages (Spouse) | $ - | $ - | $ - |  |
| Other Income | $ 11,086.00 | $ - | $ 11,086.00 | Ave bank deposits to personal account |
| Rental Income | $ - | $ - | $ - | of Mrs. Leshin |
| Pension/SSA Income | $ - | $ - | $ - |  |
| Business Income | $ - | $ - | $ - |  |
| Total Income | $ 11,086.00 | $ - | $ 11,086.00 |  |
| **Necessary Living Expenses** |  |  |  |  |
| **Allowable National Expense** |  |  |  |  |
| (Based upon gross income) |  |  |  |  |
| 4 People | $ - | $ - | $ 916.00 |  |
| **Local Housing & Utilities (Los Angeles)** |  |  |  |  |
|  | $ 902.00 | $ - | $ 1,500.00 |  |
| **Local Transportation** |  |  |  |  |
| Ownership Costs - Veh. 1 | $ 420.00 | $ - | $ 420.00 |  |
| Ownership Costs - Veh. 2 | $ - | $ - | $ - |  |
| Operating Costs | $ - | $ - | $ 426.00 |  |
| **Other Allowable Expenses** |  |  |  |  |
| Health Care Premiums | $ - | $ - | $ - |  |
| Health Care Expenses | $ - | $ - | $ 1,000.00 |  |
| Taxes | $ - | $ - | $ 917.00 |  |
| Life Insurance | $ 192.00 | $ - | $ 192.00 |  |
| Court Ordered Payments | $ - | $ - | $ - |  |
| Other Secured Debt | $ - | $ - | $ - |  |
| Dependent Care | $ - | $ - | $ - |  |
| State of California - FTB | $ 654.00 | $ - | $ - |  |
| Total Expenses | $ 2,168.00 | $ - | $ 5,371.00 |  |
| Income Available for to Pay Taxes | $ 8,918.00 | $ - | $ 5,715.00 |  |
| Present Value of Future Income (PVFI) | $ 428,064.00 | $ - | $ 274,320.00 |  |
| PVFI plus NRE (Minimum Acceptable Offer) | $ - | $ - | $ - | $ 1,292,263.00 |

**Equity from Assets**

| Asset | Fair Market Value | Quick Sale Value | Senior Encumbrances | Taxpayer Amount Available | Compliance Amount | Appeals Amount |
|---|---|---|---|---|---|---|
| Cash on Hand | $ 1,000.00 | $ 1,000.00 | $ - | $ 1,000.00 | $ - | $ 1,000.00 |
| Bank Accounts | $ 654.00 | $ 654.00 | $ - | $ 654.00 | $ - | $ 654.00 |
| Savings Account | $ - | $ - | $ - | $ - | $ - | $ - |
| Universal Life Policy | $ 2,524.00 | $ 2,524.00 | $ - | $ 2,524.00 | $ - | $ 2,524.00 |
| Trust Account | $ 169,231.00 | $ 169,231.00 | $ - | $ 169,231.00 | $ 169,231.00 | $ 169,231.00 |
| Stock & Bond Sales 1999 - 2005 | $ 586,797.00 | $ 586,797.00 | $ - | $ - | $ - | $ 586,797.00 |
| 2004 Chev Silverado | $ 18,559.00 | $ 14,847.20 | $ 15,372.00 | $ 18,559.00 | $ - | $ - |
| 9644 E. AVE s-12, Littlerock, Ca. 93543 | $ 361,000.00 | $ 324,900.00 | $ 67,163.00 | $ 182,837.00 | $ - | $ 257,737.00 |
| Net Realizable Equity (NRE) |  |  |  | $ 374,805.00 | $ 169,231.00 | $ 1,017,943.00 |