UNITED STATES TAX COURT

MAILED TO TAX COURT
DATE ____ TIME ____
OCT 27 2006

| | | |
|---|---|---|
| ROBERT & VIENNA LESHIN, | ) | |
| Petitioners, | ) | |
| v. | ) | Docket No. 17709-06L |
| COMMISSIONER OF INTERNAL REVENUE, | ) | |
| Respondent. | ) | |

ANSWER

RESPONDENT, in answer to the petition filed in the above-entitled case, admits, denies and alleges as follows:

1. First sentence. Admits.

Second sentence. Admits but for purposes of clarification alleges that petitioners' zip code in Littlerock, California is 93543.

Third sentence. Denies for lack of sufficient information or knowledge to form a belief as to the truth of the allegations.

2. Admits but for purposes of clarification, alleges that the Notice of Determination was issued on August 16, 2006.

3. Admits that the Notice of Determination was issued for tax year 2001; denies the remaining allegations.

4. Denies.

5. Admits.

6. A. Denies, but admits that respondent rejected petitioners' offer in compromise; furthermore, respondent states

INITIAL COPY
GLGreene;MSchewatz;jcr

Ex. 18 pg. 1

EXHIBIT
18

that Appeals offered the taxpayers a Short-Term Agreement to Pay (a 90-day agreement), but petitioners did not respond.

6. A. 1. Denies.

6. B. Admits that respondent received petitioners' income tax returns as follows:

| Tax Year | Date Received |
|---|---|
| 1999 | 8/12/2005 |
| 2000 | 8/12/2005 |
| 2001 | 12/28/2004 |
| 2002 | 12/28/2004 |
| 2003 | 7/26/2005 |
| 2004 | 7/26/2005 |
| 2005 | 4/15/2006 |

6. C. Denies that the Commissioner erred as alleged.

6. D. Denies that the Commissioner erred as alleged.

6. E. Denies that the Commissioner erred as alleged.

6. F. through 6. J. Neither admits nor denies on the grounds that the assertions of petitioner do not constitute material allegations of fact that would require a response pursuant to Tax Court Rule 36(b).

6. K. Denies that the Commissioner erred as alleged.

6. L. Admits.

6. M. First sentence. Denies that petitioners are entitled to challenge the existence or amount of the underlying tax liability pursuant to I.R.C. § 6330(c)(2)(B) because petitioners did not dispute the underlying liability with

Appeals during the collection due process (CDP) hearing and pursuant to Treas. Reg. § 301.6330-1(f)(2), Q&A-F5, taxpayers may only ask the Court to consider an issue that was raised in the Collection Due Process Hearing.

Second sentence. Denies for lack of sufficient information or knowledge to form a belief as to the truth of the allegations.

6. N. Denies that petitioners are entitled to challenge the existence or amount of the underlying tax liability pursuant to I.R.C. § 6330(c)(2)(B) because petitioners did not dispute the underlying liability with Appeals during the collection due process (CDP) hearing and pursuant to Treas. Reg. § 301.6330-1(f)(2), Q&A-F5, taxpayers may only ask the Court to consider an issue that was raised in the Collection Due Process Hearing.

6. O. through 6. Q. Denies that the Commissioner erred as alleged.

6. R. Denies.

6. S. Neither admits nor denies on the grounds that the assertions of petitioner do not constitute material allegations of fact that would require a response pursuant to Tax Court Rule 36(b).

6. T. Admits.

6. U. Neither admits nor denies on the grounds that the assertions of petitioner do not constitute material allegations of fact that would require a response pursuant to Tax Court Rule 36(b).

6. V. First sentence. Neither admits nor denies on the grounds that the assertions of petitioner do not constitute material allegations of fact that would require a response pursuant to Tax Court Rule 36(b).

Second sentence. Denies that the Commissioner erred as alleged.

6. W. a. through h., inclusive. Neither admits nor denies on the grounds that the assertions of petitioner do not constitute material allegations of fact that would require a response pursuant to Tax Court Rule 36(b).

6. X. through 6. Z. Neither admits nor denies on the grounds that the assertions of petitioner do not constitute material allegations of fact that would require a response pursuant to Tax Court Rule 36(b).

7. A. Admits but for purposes of clarification states that respondent received petitioners' income tax returns as follows:

| Tax Year | Date Received |
|---|---|
| 1999 | 8/12/2005 |
| 2000 | 8/12/2005 |
| 2001 | 12/28/2004 |
| 2002 | 12/28/2004 |
| 2003 | 7/26/2005 |
| 2004 | 7/26/2005 |
| 2005 | 4/15/2006 |

7. B. First sentence. Admits but for purposes of clarification states that respondent's settlement officer determined that petitioners had net realizable equity (NRE) of approximately $1,017,943 as of the date of the notice of determination.

Second sentence. Denies that the Commissioner erred as alleged.

7. C. 1. Denies that the Commissioner erred as alleged.

7. C. 2. through 7. C. 5. Denies for lack of sufficient information or knowledge to form a belief as to the truth of the allegations.

7. C. 6. First sentence. Neither admits nor denies on the grounds that the assertions of petitioner do not constitute material allegations of fact that would require a response pursuant to Tax Court Rule 36(b).

Second sentence. Admits.

Third sentence. Denies that the Commissioner erred as alleged.

7. C. 7. and 7. C. 8. Neither admits nor denies on the grounds that the assertions of petitioner do not constitute material allegations of fact that would require a response pursuant to Tax Court Rule 36(b).

7. C. 9. Denies that Settlement Officer Laura Lisanti stated "any payment above 50%, although it may be economically beneficial to accept, was not a stated reason to accept OIC's." Admits petitioners believe that this position is in error.

7. C. 10. First sentence. Admits.

Second sentence. Denies.

7. C. 11. Neither admits nor denies on the grounds that the assertions of petitioner do not constitute material allegations of fact that would require a response pursuant to Tax Court Rule 36(b).

7. D. Denies.

7. E. through O., inclusive. Neither admits nor denies on the grounds that the assertions of petitioner do not constitute material allegations of fact that would require a response pursuant to Tax Court Rule 36(b).

8. Denies generally each and every allegation of the petition not herein specifically admitted, qualified or denied.

WHEREFORE, it is prayed:

(1) That the relief sought in the petition be denied;

(2) That respondent's determination, as set forth in the notice of determination, be in all respects approved; and

(3) That the Court determine that (a) petitioners are not entitled to fees and costs and (b) petitioners' prayer for fees and costs is premature, since petitioners have not established the status of a prevailing party as required by I.R.C. § 7430; and (c) petitioners' prayer for fees and costs is improper under Tax Court Rule 34.

---

DONALD L. KORB
Chief Counsel
Internal Revenue Service

Date: OCT 27 2006

By: [signature]
GAVIN L. GREENE
Attorney
(Small Business/Self-Employed)
Tax Court Bar No. GG0370
300 N Los Angeles Street
3018 Federal Building
Stop 9900
Los Angeles, CA 90012
Telephone: (213) 894-3027x187

OF COUNSEL:
THOMAS R. THOMAS
Division Counsel
(Small Business/Self-Employed)
JAMES A. NELSON
Area Counsel
(Small Business/Self-Employed:Area 8)
MARY SCHEWATZ
Associate Area Counsel
(Small Business/Self-Employed)

Docket No. 17709-06L

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing ANSWER was served on counsel for petitioners by mailing the same on OCT 27 2006 in a postage paid wrapper addressed as follows:

Jeffrey D. Moffatt
43625 N. Sierra Hwy., Suite A
Lancaster, CA 93534

Date: OCT 27 2006

GAVIN L. GREENE
Attorney (Los Angeles, Group 2)
(Small Business/Self-Employed)
Tax Court Bar No. GG0370