# In the United States Court of Federal Claims

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * | * | |
| | * | |
| **ROBERT and VIENNA LESHIN,** | * | |
| | * | |
| **Plaintiffs,** | * | **No. 06-637T** |
| **v.** | * | **Filed: January 11, 2006** |
| | * | |
| **UNITED STATES,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * | * | |

**O R D E R**

The court held a status conference in the above-captioned case on January 10, 2007, with the parties appearing by telephone. Rule 8(a) of the Rules of the United States Court of Federal Claims (RCFC) sets forth the basic requirements for a claim for relief filed with this court: "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends ..., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The instant complaint fails to meet these basic requirements. As discussed with the parties during the January 10, 2007 status conference, the complaint had numerous deficiencies. Listing some of the problems discussed, the caption of the complaint was incorrect; the cited basis for jurisdiction in this court was in part incorrect and otherwise unclear; the complaint contains case names without citations; the facts underlying the claim are unclear and confusing; the complaint states that tax levies were made against people referred to only by first names, not listed as plaintiffs, and not otherwise identified; the tax years at issue are unclear; the amount of and dates of the tax levy are unclear; and pertinent procedural history, including United States Tax Court activity, is omitted. Absent also is information that the taxes have been paid as required for jurisdiction in this court.

The deficiencies in the instant complaint are too overwhelming for the complaint to stand. Therefore, as discussed more fully at the January 10, 2007 status conference, the complaint in the above-captioned case is **DISMISSED**, without prejudice, for failure to state a claim upon which relief can be granted, pursuant to RCFC 12(b)(6). The plaintiffs' January 9, 2007 motion for an enlargement of time is **MOOTED** by this dismissal. Should plaintiffs desire to file a new complaint, that complaint shall be filed on or before **Wednesday, January 24, 2007**. Should a new complaint be filed on or before January 24, 2007, the clerk's office shall **WAIVE** the filing fee, **ASSIGN** a new case number to the new complaint, and **ASSIGN** the new complaint to this chambers. Plaintiffs' attention is directed to the January 5, 2007 filing of the defendant in this case, which may assist plaintiffs to understand the issues, should they decide to file a new complaint.

**IT IS SO ORDERED**.

s/Marian Blank Horn
**MARIAN BLANK HORN**
**Judge**